RIDGEMONT LIQUORS, INC., A NEW JERSEY CORPORA-
TION, PLAINTIFF-APPELLANT, v. BOROUGH OF PARK
RIDGE, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 16, 1963—Decided December 26, 1963.

Before Judges GAULKIN, FOLEY and LEWIS.

*Mr. James A. Major II* argued the cause for the plaintiff (*Messrs. Major & Major,* attorneys).

*Mr. Aaron W. Nussman* argued the cause for the defendant.

PER CURIAM.  Plaintiff is a holder of a Plenary Retail Distribution License (commonly known as a package store license) issued by the Borough of Park Ridge.

A Park Ridge ordinance provides that:

> "No person holding a plenary retail distribution license shall permit the sale of alcoholic beverages in or upon any premises in which any other merchandise business is carried on   *   *   *."

Plaintiff admits that *N. J. S. A.* 33:1–12, *subsection* 3a, authorizes municipalities to enact ordinances to forbid the sale of alcoholic beverages by the holder of such a license "in or upon any premises in which any other mercantile business is carried on, except that any such ordinance *   *   *   shall not prohibit the retail sale of nonalcoholic beverages as accessory beverages to alcoholic beverages." Plaintiff says, in its brief, "We concede the ordinance is valid, but we would know its meaning."

To determine that meaning, plaintiff instituted this action, demanding a judgment declaring that it may "sell, as ancillary products, such items as cigars, cigarettes, cocktail canapes, tidbits, and like products." The Law Division granted summary judgment in favor of Park Ridge that the ordinance forbids such sales, and plaintiff appeals. We affirm.

Plaintiff contends, in effect, that the ordinance means that no liquor may be sold in premises in which an independent merchandise business is carried on, but that it does not mean to forbid sales of merchandise by the licensee which are merely incidental to the sale of packaged liquor. It argues: "Is it not obvious that the legislative policy considerations do not apply when we   *   *   *   sell people who are purchasing our product such ancillary products

as are customarily used? For instance, a patron desires to purchase a case of beer for a picnic or party. He enters our store. He also wants a supply of potato chips, or salted nuts, or pretzels. Is there any reason in the world why his wants should not be supplied?"

It is not disputed that the Legislature may control the liquor industry rigorously. It may forbid altogether the sale of nonalcoholic merchandise by licensees. As we have said, *N. J. S. A.* 33:1–12, *subsection* 3a, gives municipalities the right to do just that, except as to "the retail sale of nonalcoholic beverages as accessory beverages to alcoholic beverages." Even that exception did not appear in the statute until 1951. See *L.* 1951, *c.* 163. The ordinance does not expressly provide for any other exception, and we find no justification for reading into it the construction advanced by plaintiff.

The judgment is affirmed.